UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

HECTOR CERON VALLES,

                Petitioner,

v.

KEVIN RAYCRAFT et al.,

                Respondents.

_____/

Case No. 1:26-cv-1652

Honorable Jane M. Beckering

## OPINION

Petitioner, a United States Immigration and Customs Enforcement (ICE) detainee initiated this action by filing a counseled petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. (Pet., ECF No. 1.) For the following reasons, the Court will conditionally grant Petitioner's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241.

### Discussion

### I.      Procedural History

In Petitioner's § 2241 petition, he challenges the constitutionality of his current detention following an order issued by the Detroit Immigration Court denying him bond, and asks the Court to, *inter alia*, issue a writ of habeas corpus pursuant to 28 U.S.C. § 2241 ordering Respondents to release Petitioner or provide Petitioner with a bond hearing where the government bears the burden of proof by clear and convincing evidence that Petitioner is a flight risk or danger to the community. (Pet., ECF No. 1, PageID.15.)

In an Order entered on June 4, 2026, the Court directed Respondents to show cause, within three business days, why the writ of habeas corpus should not be granted. (Order, ECF No. 3.)

Respondents filed their response and a recording of the May 11, 2026, bond hearing on June 4, 2026, (Resp., ECF No. 4; Recording of May 11, 2026, Bond Hearing, filed on June 4, 2026), and Petitioner filed his reply on June 9, 2026, (ECF No. 5).

## II.    Relevant Factual Background

On April 24, 2026, Petitioner filed a § 2241 petition challenging his initial detention without a bond hearing in *Ceron Valles v. Raycraft* (*Ceron Valles I*), No. 1:26-cv-1337 (W.D. Mich.). In *Ceron Valles I*, the Court conditionally granted Petitioner's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241, ordering Respondents to provide Petitioner with a bond hearing under 8 U.S.C. § 1226(a) within five business days of the date of the Court's Opinion and Judgment or, in the alternative, immediately release Petitioner from custody. Op. & Jud., *Ceron Valles I*, (W.D. Mich. May 6, 2026), (ECF Nos. 6, 7).

On May 11, 2026, Petitioner received a bond hearing pursuant to § 1226(a). (May 11, 2026, Order Immigration Judge, ECF No. 1-1, PageID.19.) At the conclusion of the May 11, 2026, hearing, the immigration judge denied Petitioner's request for bond because Petitioner "has failed to show he is not a danger." (*Id.*)

## III.    Analysis

Respondents argue that the Court should deny Petitioner's § 2241 petition due to a lack of jurisdiction and Petitioner's failure to exhaust Petitioner's administrative remedies, as well as on the merits.[1] The Court has fully addressed these issues and Respondents' arguments in *Soto-*

---

[1] Respondents also argue that Petitioner's § 2241 petition is moot because on June 3, 2026, the Immigration Court denied Petitioner's request for "Cancellation of Removal for Nonpermanent Residents under INA § 240A(b)(1)," Petitioner withdrew his asylum application, and Petitioner agreed to voluntarily depart the United States. (Resp., ECF No. 4, PageID.26; June 3, 2026 Order Immigration Judge, ECF No. 4-1.) However, Petitioner has until July 7, 2026, to appeal the Immigration Court's order to the Board of Immigration Appeals. (*See* June 3, 2026 Order

*Medina v. Lynch*, 817 F. Supp. 3d 612 (W.D. Mich. 2026). Therefore, for the reasons set forth in *Soto-Medina*, the Court will conditionally grant Petitioner's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241.

**IV.     Other Claims and Other Forms of Relief**

Because the Court will conditionally grant Petitioner's § 2241 petition as set forth herein, the Court does not address other claims and other requested relief in Petitioner's § 2241 petition.

<u>**Conclusion**</u>

The Court will order Respondents to provide Petitioner with an individualized bond hearing before an immigration judge, at which time the government will have the burden to demonstrate dangerousness or flight risk by clear and convincing evidence, within five business days and with notice to the Parties as soon as practicable, no later than 24 hours prior to the scheduled hearing, or, in the alternative, immediately release Petitioner from custody. The Court will also order Respondents to file a status report within six business days of the date of this Court's Opinion and Judgment to certify compliance with this Opinion and the corresponding Judgment. The status report shall include if and when the bond hearing occurred, if bond was granted or denied, and if bond was granted, the conditions of the bond, or if bond was denied, the reasons for the denial.

Dated:        June 15, 2026                          /s/ Jane M. Beckering
                                                     Jane M. Beckering
                                                     United States District Judge

---

Immigration Judge, ECF No. 4-1, PageID.34.) Under these circumstances, based on the record before the Court, the Court concludes that Petitioner's § 2241 petition is not moot at this time.